FRANK VOLLINGER, PLAINTIFF, v. SCHWARZ & SON, A CORPORATION, AND ANDREW J. HARFORD, DEFENDANTS.

Submitted January 28, 1927—Decided May 25, 1927.

**Negligence—Motor Vehicle Collision—A Truck, on a Dark and Rainy Night, in Attempting to Enter a Garage Along the Roadside was Injured, Resulting in the Impairment of the Lighting System—Truck was Backed Part Way Across Road and While Being Repaired was Run Into by Car of Plaintiff—No Effort Made to Warn Those on the Road of the Injured Truck—Held, No Evidence of Contributory Negligence, and That That is a Jury Question Any Way.**

On defendants' rule to show cause why plaintiff's verdict should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the rule, *Kalisch & Kalisch.*

*Contra, Hirschberg & Rubenstein (Samuel L. Hirschberg,* of counsel).

PER CURIAM.

This is defendants' rule to show cause why plaintiff's verdict should not be set aside.

At the trial, by a preponderance of the evidence, the following matters of fact appeared:

The defendant Harford was driving a truck for defendant Schwarz & Son on the highway, out in the open country, and was about to deliver some merchandise to a garage. It was in the night time, and the night was dark, misty and foggy. He was turning into the driveway of the garage when he ran into a telephone pole which was off the road by the side of the highway. This accident put out his lights. He backed

under his own power from the pole, and his truck, in a diagonal position, rested partly upon the paved part of the highway. A few minutes thereafter, while his car was standing there without lights, and while he was endeavoring to have the injury to his car repaired, the automobile driven by the plaintiff at about twelve miles an hour ran into the rear of the standing car and plaintiff was injured.

The jury returned a verdict of $3,500 against both defendants.

We think there was no error in the refusal to grant motions to nonsuit and to direct a verdict in favor of defendants. The questions of negligence and of contributory negligence were clearly jury questions. Bearing in mind that it was a dark, misty and foggy night, we see nothing from which it can be said that plaintiff was guilty of contributory negligence as a matter of law. The fact that the automobile truck was left for a considerable time standing on the highway without lights and without any effort whatever to warn the traveling public of its presence, we think clearly justified a finding of negligence upon the part of the defendants.

We think the verdict not excessive. The plaintiff was rendered unconscious, was taken to the hospital, where he remained for two weeks, and was fourteen weeks at his home. He appears to be crippled through an injury to his back which interferes with anything in the way of lifting or heavy work. His loss in wages was $608. He is now earning $11 a week less than he formerly earned. The testimony is that if he recovers completely the injury will take at least a year to clear up; and, considering the pain and suffering, the verdict does not seem to be excessive.